# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
## Submitted On Brief March 7, 2001 Session

## KRISHNALAL PATEL, ET AL. v. DILEEP PATEL

### Direct Appeal from the Chancery Court for Davidson County
### Nos. 97-2161-I and 97-3985-I     Irvin H. Kilcrease, Jr., Chancellor

---

### No. M2000-00583-COA-R3-CV - Filed May 9, 2001

---

The SREE General Partnership was formed for the purpose of owning and managing motel property in Nashville, Tennessee. During the ownership period, the property deteriorated. The partners sued a co-partner for breach of fiduciary duty, claiming that his negligent management of the property was what caused the deterioration and resulting economic loss. The trial court ruled for the defendant. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DON ASH, SP. J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellants, Krishnalal Patel, Seshan Natarajan, Mohammad Ghani, Sushil Bagri, Chilakammari Yeshwant, Vijaychandram Patel, and Pradeep Kakaad.

Daniel D. Warlick, Nashville, Tennessee, for the appellee, Dileep Patel.

### MEMORANDUM OPINION[1]

Mr. Krishnalal Patel and the other remaining partners of the SREE General Partnership[2] brought suit against co-partner, Dileep Patel, for breach of his fiduciary relationship. The plaintiffs alleged that Mr. Dileep Patel mismanaged the partnership assets, an Econo Lodge located on

---

[1]Rule 10 (Court of Appeals). - **(b) Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]Seshan Natarajan, Mohammad Ghani, Sushil Bagri, Dr. C. Yeshwant, Vijaychandra M. Patel, and Pradeep Kakaad.

Murfreesboro Road in Nashville, Tennessee, and caused the same to deteriorate which resulted in economic loss and a loss of their franchise.

Both parties submitted proposed findings of fact and law. After hearing testimony in this case and after reviewing the pleadings, the trial court adopted the findings of fact and conclusions of law submitted by the defendant, Mr. Dileep Patel. The plaintiffs appeal this decision and raise the following issue, as we perceive it, for this court's review:

> Whether the trial court's adoption of the defendant's findings of fact is supported by a preponderance of the evidence.

Since this matter was tried before the court sitting without a jury, our review of the trial court's findings of fact is *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). As the issues regard questions of law, our review is *de novo* with no presumption of correctness. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997); Tenn. R. App. P. 13(d).

The findings of fact adopted by the chancellor include the following:

The SREE General Partnership (SREE) was formed in August of 1985 for the purpose of owning and managing the Econo Lodge located on Murfreesboro Road in Nashville, Tennessee. The partnership purchased the property for $600,000, and the seven partners of SREE contributed a total of $200,000 to improve the property. In the partnership agreement, Mr. Krishnalal Patel was named the managing general partner and was to be paid an annual salary of $18,000. According to the agreement, the managing general partner was to take care of the day-to-day operation of the Econo Lodge. The agreement, however, required all of the partners to give time and attention to the business. The partnership agreement provided that the agreement could be amended by a majority vote, but the agreement was never amended in any way.

Mr. Krishnalal Patel managed the Econo Lodge from 1986 to 1988, when he purchased a hotel in North Carolina and left the Econo Lodge to operate it. Mr. V.J. Patel and Mr. Dileep Patel managed the property from 1988 to 1991, when Mr. V.J. Patel left. In 1991, the partnership hired a Mr. Desi to manage the property. The partnership's attorney, Mr. James Price, visited the Econo Lodge in 1992 and did not notice any deterioration of the property. Further, from 1987 to 1992, the Econo Lodge had net profits of $400,000, or $80,000 per year.

The SREE partners visited the property in the Spring of 1993 and found it to be in good condition. In April of 1993, a Mr. Champneria leased the property for one year. During this year, the property deteriorated, and a guest was shot and killed on the property. In April of 1994, Mr. Dileep Patel informed the remaining SREE partners that he was leaving the Econo Lodge and that the Econo Lodge was closed. The partners valued the property in 1994 between $500,000 and $650,000. The property was eventually sold for $525,000.

Based upon our review of the record, we cannot say that the evidence preponderates against the trial court's findings. Therefore, the judgment of the trial court is affirmed. The costs of this appeal are taxed to the Appellants, Krishnalal Patel, Seshan Natarajan, Mohammad Ghani, Sushil Bagri, Chilakammari Yeshwant, Vijaychandram Patel, and Pradeep Kakaad, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE